UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN STAMPER,

        Plaintiff,

v.                                                      Case No. 06-C-1291

WISCONSIN CENTRAL, LTD., and
ROY SINDELAR

        Defendants.

## ORDER

Defendants have moved to compel plaintiff to respond to their supplemental discovery requests about the nature of a loan plaintiff received at the behest of, or at least with the involvement of, plaintiff's counsel. Plaintiff objects on the basis of relevance, and also notes the danger that could ensue if defendants were routinely allowed to probe the financial circumstances of plaintiffs. Such information could lead to unfair settlement terms, for example, if a defendant learned about a plaintiff's dire financial straits.

These concerns are not persuasive here. Fed. R. Civ. P. 26 fosters a liberal discovery scheme, and the question at this stage is whether the information plausibly could be relevant or lead to other relevant information. Given the plaintiff's claim that he is unable to work, the defendants are entitled to ask how he is supporting himself. The availability of other resources, either one's own or those of others, may bear on the incentive a plaintiff may have to return to work. The defendants also note that a plaintiff who is in a financial hole might indeed have incentives above

and beyond those of the typical plaintiff. Moreover, any concern about unfair settlement terms is unfounded in this particular case: the case is a year and a half old, and the *fact* of the loan (rather than the details) has already alerted the defendants that the plaintiff could be having difficulty making ends meet. Finally, I note that there does not seem to be any whiff of intimidation or harassment about the defendants' requests – their concerns arose only after learning of the loan from plaintiff's deposition.[1]

Accordingly, without any persuasive reason to cut off inquiry into the nature of the plaintiff's loan, the motion to compel is **GRANTED**. The motion for an extension of time to respond [48] is **DENIED** as moot.

**SO ORDERED** this  5th  day of June, 2008.

 s/ William C. Griesbach
William C. Griesbach
United States District Judge

---

[1] From the plaintiff's response it does not appear that there are grounds for disqualification, as the loan in question seems to have been obtained from a third party.